UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HALIFAX FINANCIAL GROUP L.P., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-00167-RLY-DML |
| | ) | |
| SHARON D. HAZEL, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | Bankruptcy Case |
| SHARON D. HAZEL, | ) | 15-8273-RLM-13 |
| | ) | |
| Debtor. | ) | |

**ORDER DISMISSING APPEAL**

Chapter 13 debtor Sharon D. Hazel and her husband jointly own their residence, which sits on three parcels of land in Morgan County, Indiana. Because the Hazels failed to pay their property taxes, the three parcels were sold to Halifax Financial Group L.P. in a tax sale on October 1, 2014. By virtue of that sale, Halifax acquired a lien against the parcels, but not the title, as the Hazels had one year to redeem the land. Ind. Code §§ 6-1.1-24-9(c)(1), 6-1.1-25-4(a)(1). On September 30, 2015, one day before the redemption period was set to expire, Hazel filed her voluntary petition in this case. Her filing triggered the automatic stay of 11 U.S.C. § 362(a), which prevented Halifax from taking the next step in the tax sale process–petitioning for a tax deed.

Halifax filed an Emergency Motion for Relief from the Automatic Stay on December 1, arguing that the Bankruptcy Court should lift the stay because, *inter alia*, Hazel's bankruptcy petition was part of a scheme to delay, hinder, or defraud Halifax. *See* 11 U.S.C. § 362(d). In that motion, Halifax asserted that it required emergency relief because Indiana law imposes a strict deadline by which a tax sale purchaser has to petition for a tax deed. *See* Ind. Code § 6-1.1-25-4.6(a). Failure to file a petition by that deadline results in termination of the lien. Ind. Code § 6-1.1-25-7(a).

With the deadline looming, the Honorable Robyn Moberly of the United States Bankruptcy Court for the Southern District of Indiana promptly held a hearing on December 15, and then denied Halifax's motion without prejudice on January 7, 2016. Halifax appeals this Order, asserting that the Bankruptcy Court abused its discretion in refusing to lift the stay. In addition to arguing that the Bankruptcy Court should be affirmed on the merits, Hazel maintains that Halifax "jumped the gun" by appealing too soon. While this is a close question, the court holds that the Bankruptcy Court's Order was not a "final order" for purposes of 28 U.S.C. § 158(a)(1), meaning that a district court is powerless to exercise appellate review at this juncture. For that reason, the court **DISMISSES** the appeal for want of jurisdiction.

**I. Discussion**

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals "from final judgments, orders, and decrees" issued by bankruptcy judges. Final orders subject to this provision are immediately appealable as a matter of right. Unfortunately, what constitutes a final order in bankruptcy is an area of law that "suffers from a lack of

clarity." *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008). "Finality is a fairly strict concept in most federal litigation" in that a litigant must generally "wait for the entire case to be disposed of before taking an appeal." *In re McKinney*, 610 F.3d 399, 401 (7th Cir. 2010). But "the rules are different in bankruptcy." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). This is "for a good reason," as bankruptcy cases "are not simple 'A + B versus C + D' matters." *Bulk Petroleum Corp. v. Ky. Dept. of Revenue (In re Bulk Petroleum Corp.)*, 796 F.3d 667, 671 (7th Cir. 2015). Rather, "[a] bankruptcy case involves an aggregation of individual controversies, many of which would exist as standalone lawsuits but for the bankrupt status of the debtor." *Germeraad v. Powers*, 826 F.3d 962, 965 (7th Cir. 2016). This proves problematic because those individual controversies "may come to a final conclusion before the estate has been wrapped up." *In re Morse Elec. Co.*, 805 F.2d 262, 264 (7th Cir. 1986).

Accordingly, courts often refer to the concept of "flexible finality" in the context of bankruptcy appeals. *See e.g., McKinney*, 610 F.3d at 402. In assessing finality, a district court must determine whether the bankruptcy court's decision "finally disposed of a discrete dispute within the larger case." *Schaumburg Bank & Tr. Co., N.A. v. Alsterda*, 815 F.3d 306, 312 (7th Cir. 2016) (citing *Bullard*, 135 S. Ct. at 1692). Put another way, "To be 'final,' the order, judgment, or decree in question must conclusively determine a separable dispute over a creditor's claim or priority." *Id.* at 313. *See McKinney*, 610 F.3d at 402 ("Generally, the easiest way to tell whether an order is sufficiently final in the bankruptcy context is whether it resolves a proceeding within the bankruptcy that would be a freestanding lawsuit if there were no bankruptcy action.").

Notwithstanding those general principles of law, in the Seventh Circuit, it is well established that "orders refusing to lift or modify the automatic stay are held to be final." *In re James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir. 1992). *See OneBeacon Ins. Co. v. Archdiocese of Milwaukee (In re Archdiocese of Milwaukee)*, 523 B.R. 655, 658 n.3 (E.D. Wis. Oct. 5, 2014) ("The Court can exercise jurisdiction because orders denying relief from the automatic stay are final and appealable orders."); *Hijjawi v. Five N. Wabash Condo. Ass'n*, 495 B.R. 839, 843 (N.D. Ill. 2013) ("The Seventh Circuit has consistently held that orders refusing to lift or modify the automatic stay are held to be final.") (quotation marks omitted). The rationale behind this rule is that the automatic stay is a statutory injunction that operates much like a preliminary or permanent injunction under the Federal Rules of Civil Procedure. *James*, 965 F.2d at 166. Of course, 28 U.S.C. § 1292(a)(1) authorizes appeals of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." But *James* and its progeny do not appear to contemplate an *emergency* motion for relief from the automatic stay being denied *without prejudice*. Indeed, there appears to be no case from a court within this circuit that is squarely on point.

The court finds that this case is unique and therefore warrants departure from the general rule that orders denying relief from the automatic stay are final and appealable. The court reaches this conclusion for several reasons. Most importantly, the Bankruptcy Court's Order does not satisfy the Seventh Circuit's standard for finality because it does not "finally dispose of a discrete dispute." *Schaumburg Bank*, 815 F.3d at 312. The

4

overall dispute about whether Halifax is entitled to relief from the automatic stay has not been conclusively resolved, as demonstrated by the fact that the Bankruptcy Court denied the motion without prejudice. Denying a motion without prejudice strongly suggests a lack of finality on the matter. It seems that the Bankruptcy Court merely issued a preliminary decision, which it expected to revisit at a later date. Indeed, the Order expressly states, "The stay will not be lifted *at this juncture*." (Order at 7) (emphasis added). This interpretation is reasonable given the procedural history of this matter. Halifax filed its emergency motion just two months into the case, and the Bankruptcy Court was obligated to render a decision shortly thereafter in order to address Halifax's concerns about the impending deadline to obtain a tax deed. At the time the Order was issued, the case was still in its infancy–the record was still developing, the claims bar date had not passed, Halifax had not filed its proof of claim, and a plan had not been confirmed. A bankruptcy court needs an opportunity to resolve the dispute based upon a full consideration of the merits before a district court exercises review, and that has not happened here.

  Halifax suggests that dismissing the appeal and requiring it to re-file its motion would be futile because the Bankruptcy Court conclusively rejected its legal arguments in the Order. That is incorrect. In advancing this contention, Halifax wholly ignores that two of the issues it raises in its opening brief are whether the Bankruptcy Court erred in failing to address significant legal arguments presented in the emergency motion. Specifically, it alleges that the Bankruptcy Court neglected to meaningfully discuss why relief from the stay was not appropriate under 11 U.S.C. § 362(d)(1) or (4). These

provisions respectively require a bankruptcy court to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," or "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors."  Dismissal is especially appropriate in this case because it will give the Bankruptcy Court an opportunity to fully address those issues, and thereby conserve judicial resources.

Finally, the court notes that dismissing the appeal does not prejudice Halifax. Halifax styled its motion for relief from the automatic stay as an *emergency* motion because its deadline to petition for issuance of a tax deed in state court was rapidly approaching.  If it did not file its petition by the deadline imposed under Indiana law, its lien against the parcels would terminate.  In its Order, the Bankruptcy Court explicitly rejected this idea, concluding that 11 U.S.C. § 108(c) tolls the time for Halifax to file a petition until 30 days after the stay expires.  Section 108(c) provides, in relevant part,

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor[1], . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until . . . 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Thus, Halifax's interest in the three parcels will not terminate while the stay remains in place.  In its reply brief, Halifax notes that it accepts the protection of this "safe harbor" provision and has not appealed this portion of the Bankruptcy Court's ruling.

---

[1] Petitioning for a tax deed under Indiana law is likely considered an action against the property, not the debtor.  However, the Bankruptcy Code broadly defines the phrase "claim against the debtor" to include "claim[s] against property of the debtor."  11 U.S.C. § 102(2).

6

Upon dismissal, Halifax can file a new motion for relief from the automatic stay in the Bankruptcy Court. The Bankruptcy Court may be inclined to grant the motion after considering the fully-developed record and the specific arguments it allegedly overlooked before. But, even assuming, *arguendo*, that the Bankruptcy Court denies the renewed motion in a final order and Halifax prevails in this court after filing a second appeal, there will have been no harm to Halifax outside of a general inconvenience. At the conclusion of that second appeal, Halifax would be able to petition for issuance of a tax deed, which is what it ultimately wants.

## II. Conclusion

This appeal from the United States Bankruptcy Court for the Southern District of Indiana is **DISMISSED** for want of jurisdiction.

**SO ORDERED** this 27th day of February 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.